IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

FEDWA KHALIK,

        Plaintiff,

v.

UNITED AIR LINES,

        Defendant.

_____

COMPLAINT
_____

PLAINTIFF FEDWA KHALIK, by and through her attorneys, the law firm of Olsen and Brown, LLC, states for her Complaint as follows:

NATURE OF CLAIMS

1. Plaintiff invokes the jurisdiction of the court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; for wrongful termination because of race, religion, national origin, ethnic heritage and for retaliation because she reported discrimination. Plaintiff also invokes the jurisdiction of the court pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. for being retaliated against for seeking FMLA leave.

1

2. Plaintiff also brings pendant state claims for the same forms of discrimination, and also for breach of implied contracts and estoppel.

3. Plaintiff also brings a claim of wrongful termination in breach of the public policy of the State of Colorado for retaliation against her for reporting a criminal act by a United Air Lines employee, which act endangered the public.

## JURISDICTION AND VENUE

4. This court is empowered to hear and decide these claims by 28 U.S.C. §§ 1331, 1343, 2201 and 2202.

5. Venue is fair and appropriate in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in Colorado.

## PARTIES

6. Plaintiff is a female.

7. She was born in Kuwait and is an Arab-American. Both of her parents are Palestinian.

8. Defendant United Air Lines ["United" or "the company"] is a corporation qualified to do and doing business in the State of Colorado, with offices at 8900 Pena Blvd., Denver, Colorado 80249. The defendant has continuously employed more than 500 employees and been engaged in interstate commerce. The defendant is engaged in airline carrier services.

9. The defendant is otherwise an employer within the meaning of the above-

described federal and Colorado statutes.

## ADMINISTRATIVE PROCEDURES

10.  Plaintiff properly filed her charge of discrimination with the district office of the United States Equal Employment Opportunity Commission [EEOC].

11.  Notice of Right to Sue was received by plaintiff from the EEOC, and the Complaint is filed within 90 days thereof.

## ALLEGATIONS

12.  The above paragraphs are incorporated herein.

13.  Plaintiff's religion is Islam.

14.  Plaintiff was first employed by the defendant in 1995.  She performed her job well at all times.

15.  She rose to the job title of Business Services Representative.

16.  She was physically assaulted in the office (grabbed by the arm) after being subjected to a false investigation and false criticism of her work.  She was targeted because of her race, religion, national origin, and ethnic heritage.

17.  Plaintiff complained internally about both discrimination at United Air Lines and being denied FMLA leave.

18.  She complained about an e-mail sent by a United Air Lines employee discussing a possible sexual liaison with an underage girl (which constituted a threat of criminal violation endangering the public).

3

19.  On or about November 29, 2009, plaintiff was involuntarily terminated from her employment.

20.  The corporation's reasons given for plaintiff's termination and other mistreatment as described herein were exaggerated and false, giving rise to a presumption of discrimination, retaliation and wrongful termination.

21.  During plaintiff's employment, the defendant communicated to its employees, including plaintiff, a promise that it would not discriminate against them on the bases complained about herein, or retaliate for reporting discrimination, nor retaliation for seeking FMLA leave.

22.  The above promises were communicated with the intention that they were binding upon the management, the employees and plaintiff.

23.  The defendant made the above-described promises and in so doing made an offer to the employees, including plaintiff, manifesting the defendant's willingness to enter into a bargain and justifying the employees and plaintiff in understanding that their assent to the bargain was invited by the defendant and that it would conclude the bargain.

24.  Employment and/or continued employment by the employees, including plaintiff, constituted acceptance of and consideration for the defendant's adherence to the above-described promises.

25.  In making said promise, the defendant should reasonably have expected the employees, including plaintiff, to consider the promises to be a commitment from the

4

defendant to follow them.

26. Plaintiff reasonably relied on the aforesaid promises to her detriment, and injustice can be avoided only by enforcement of the promises.

27. By the aforesaid promises that were not fulfilled or were reneged upon, the defendant breached contracts and implied contracts with plaintiff and should be estopped from denying the obligations embodied in said promises.

28. The defendant breached the promise as described above by taking the actions described in this Complaint.

29. The above-described actions against plaintiff were willful. They were also taken with malice and reckless indifference to plaintiff's rights protected by federal and Colorado law, warranting an award of exemplary damages.

30. Because of the above-described actions, plaintiff has suffered or will suffer: loss of her job and livelihood, with all attendant benefits and other amenities of her employment, including pay, compensation, benefits and salary, as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

31. The above-stated paragraphs are incorporated into the following Claims for Relief.

## FIRST CLAIM FOR RELIEF

32. By the aforesaid acts the defendant breached Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq*.

## SECOND CLAIM FOR RELIEF

33.  By the aforesaid acts, the defendant breached the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.

## THIRD CLAIM FOR RELIEF

34.  By the aforesaid acts, the defendant breached the public policy of the State of Colorado

## FOURTH CLAIM FOR RELIEF

35.  By the aforesaid acts, and violations of promises, the defendant is culpable for breaches of contracts, including implied contracts, and wrongful termination.

## FIFTH CLAIM FOR RELIEF

36.  Because of the aforesaid conduct, the defendant should be estopped from reneging upon the above-described promises made to plaintiff, and damages awarded as requested.

## PRAYER AND JURY DEMAND

WHEREFORE, plaintiff respectfully moves this court and prays for:

(a)  a declaratory judgment declaring that the defendant corporation has violated the above-described statutes and committed the above-described wrongs by the aforesaid acts against plaintiff;

(b)  reinstatement in her job, with all attendant benefits and other amenities that she would have received were these illegal actions not taken against her;

(c)  all compensation, back pay, equal pay, front pay and benefits that plaintiff was denied because of the defendant's acts, in a sum to be determined by the court and jury;

(d)  liquidated and compensatory damages, including for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in a sum to be determined by the court and jury;

(e)  exemplary or punitive damages in a sum to be determined by the court and jury;

(f)  legal fees, disbursements, expert fees, and costs of this action;

(g)  all legal interest on sums awarded;

(h)  all issues so triable to be decided by a jury;

(i)  such other relief as the court may deem appropriate.

RESPECTFULLY SUBMITTED,
OLSEN AND BROWN, LLC

s/ John R. Olsen
By:    John R. Olsen
       Attorney for the Plaintiff
       8362 Greenwood Drive
       Niwot, Colorado 80503
Date: June 24, 2010                              (303) 652-1133

Plaintiff's Address:
22863 E. Orchard Place
Aurora, CO 80015