IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-01490-DME-MJW

FEDWA KHALIK,

    Plaintiff,

vs.

UNITED AIR LINES,

    Defendant.

_____

PLAINTIFF'S OPPOSITION TO (AND PARTIAL CONFESSION OF)
DEFENDANT'S MOTION TO DISMISS
_____

PLAINTIFF FEDWA KHALIK, by her attorney, Olsen & Brown LLC, respectfully opposes (and partially confesses) Defendant's Motion to Dismiss[1], and as grounds therefor states as follows:

    A.  Applicable Law

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the

---

[1] Plaintiff confesses defendant's motion to dismiss plaintiff's claims of breach of contract and estoppel.

1

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) [citations and quotation marks omitted].  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

In 2007, the Supreme Court modified "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *modified by Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Court modified the *Conley* standard in *Twombly* by prescribing "a new inquiry for [courts] to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face'. " *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).  The Court explained that "a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.*  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits [*see, Indus. Constructors Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 964-65 (10th Cir. 1994)], and documents incorporated into the complaint by reference [*see, Tellabs, Inc. v. Makor Issues &*

*Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); *TMJ Implants, Inc. v. Aetna, Inc.,* 498 F.3d 1175, 1180 (10th Cir. 2007)]. "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation omitted). Moreover, the Court may consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they are consistent with the facts and theories advanced in the complaint." *Hayes v. Whitman,* 264 F.3d 1017, 1025 (10th Cir. 2001).

Finally, *Twombly* made clear that, in order to withstand a Rule 12(b)(6) motion to dismiss, the complaint need not present detailed factual allegations. *See, Twombly*, at 555.

B.  Facts as to Plaintiff's Claims of Discrimination under Federal and State Law.[2]

This is a wrongful termination case.  Thus, plaintiff was required to state so in her complaint and set forth the exact adverse action that she was bringing to the Court's attention -- and she did. *See*, Complaint, ¶¶ 1 and 19.  Indeed, she set forth the exact date of her termination from employment -- November 29, 2009. *Id.*, at ¶ 19.

This is a discrimination case, and plaintiff set forth the basis of her protected status, i.e. that she was born in Kuwait and is Arab-American, with both parents Palestinian [*id.*, at ¶ 7] and her religion is Islam. *Id.*, at ¶ 13.

---

[2] Plaintiff discrimination and retaliation claims are evaluated identically under federal and state law.

A discrimination complaint must fairly allege that there was an adverse employment action (as discussed above) but also that it was motivated by an illegal consideration. Plaintiff has met that standard, alleging, at ¶ 1 of the Complaint, that she was the victim of "wrongful termination because of race, religion, national origin, ethnic heritage."

Plaintiff also alleged that she was "subjected to a false investigation and false criticism of her work." *Id.*, at ¶ 16.

Plaintiff also alleged that she was "targeted because of her race, religion, national origin, and ethnic heritage." *Id.*, at ¶ 16.

It would be difficult to set forth a discrimination claim in more straightforward fashion. Not only is the adverse act (termination) identified and described, but events leading thereto are alleged, namely being "subjected to a false investigation and false criticism of her work." and being "targeted because of her race, religion, national origin, and ethnic heritage."

By way of background, the plaintiff also identified her job title ["Business Services Representative" -- *id.*, at ¶ 15], that she had been employed since 1995 [*id.*, at ¶ 14] and that she had performed her job well at all times. *Id.*[3]

The defense cannot colorably argue that it cannot determine what the discrimination claim in this case entails and encompasses. Moreover, any suggestion that such allegations in the Complaint are "implausible" pursuant to the standards

---

[3] Plaintiff also set forth additional precise details, including the scenario of being physically assaulted in the office (with details) and the scenario of complaining about an e-mail set by a company employee discussing a possible sexual liaison with an underage girl. *Id.*, at ¶ 16 and 18.

4

enunciated in *Ridge at Red Hawk, L.L.C. v. Schneider,* at 1177, should not be well-taken by the Court.  The claims are well set forth and delineated and should withstand dismissal, especially since they are presumed to be true at this stage.

      C.  Facts as to Plaintiff's Claims of Retaliation for Reporting Discrimination under Federal and State Law.

The presentation of fundamental facts in the prior section above relating to plaintiff's claims of discrimination is necessarily repeated as to her claims of retaliation for reporting discrimination, but certain additional facts must be set forth in the Complaint to make out an adequate claim of retaliation -- and are.

First, plaintiff alleged, clearly and plainly, that her case includes a claim "for retaliation because she reported discrimination."  *Id.*, at ¶ 1.  Second, plaintiff alleged that she did indeed complain about discrimination.  *Id.*, at ¶ 17.  Further, she complained about discrimination "internally" [*id.*].  Finally, her complaint of retaliation was made after "being subjected to false investigation and false criticism of her work."  *Id.*, at ¶ 16.

Again, any suggestion that such allegations in the Complaint are "implausible" pursuant to the standards enunciated in *Ridge at Red Hawk, L.L.C. v. Schneider,* at 1177, should not be well-taken by the Court.  The defense cannot colorably argue that plaintiff's claims of retaliation for reporting discrimination are not identified, along with the precise basis thereof.  The claims are well set forth and delineated and should withstand dismissal, especially since they are presumed to be true at this stage.

D.  Facts as to Plaintiff's Claim of Retaliation for Seeking FMLA Leave.

Again, the presentation of fundamental facts in the prior sections above relating to plaintiff's claims of discrimination/retaliation are necessarily repeated as to her claims of retaliation for seeking FMLA leave, but certain additional facts must be set forth in the Complaint to make out an adequate claim -- and are.

Plaintiff made abundantly clear that she was bringing a claim for retaliation "for seeking FMLA leave."  *Id.*, at ¶ 1.  Moreover, she point-blank alleged that she complained "internally" about "being denied FMLA leave."  *Id.*, at ¶ 127.

It is difficult to discern what other or additional facts the defense alleges would have to be made out to perfect a claim for FMLA retaliation, since the entire gamut of plaintiff's mistreatment is set forth and described in the Complaint, including events before her termination, leading up to termination from employment on a date certain and set forth, November 29, 2009.[4]

---

[4] To be sure, the "Allegations" section of the Complaint expressly incorporates the Complaint's prior paragraphs, ¶¶ 1-11, which inarguably allege "wrongful termination because of race, religion, national origin, ethnic heritage" and "retaliation because she reported discrimination" and "being retaliated against for seeking FMLA leave."  *Id.*, at ¶ 1.

6

E.  Facts as to Plaintiff's Claim of Breach of Public Policy[5].

Pursuant to well-established Colorado law, an employee cannot be terminated for exercising a legal right or duty.  *See, Martin Marietta Corp., v. Lorenz*, 823 P.23d 100 (Colo. 1992);  *Crawford Rehabilitation Services, Inc. v. Weissman,* 938 P.2d 540 (Colo.1997);  *Herrera v. San Luis Central Railroad Co.*, 997 P.2d 1238, 1239 (Colo.App. 1999).

In the instant case, the plaintiff has made clear -- with specific description -- that she brings a claim "for retaliation against her for reporting a criminal act by a United Air Lines employee, which act endangered the public."  Moreover, she specifically describes the criminal act, namely, an employee sending an e-mail "discussing a possible sexual liaison with an underage girl (which constituted a threat of criminal violation endangering the public)."  *Id.*, at ¶ 18.[6]

Coupled with the specific facts constituting adverse actions against plaintiff, the above recitation of facts adequately and plainly sets for a claim for wrongful termination in breach of public policy in Colorado.

---

[5] Again, the prior recitation of facts in prior sections is incorporated <u>as to each claim</u>. Thus, for example, the allegation that plaintiff was fired on November 29, 2009 has application to all of her claims and expressly so:  "The above-stated paragraphs are incorporated into the following Claims for Relief."  *Id.*, at ¶ 31.  Similarly the fact that plaintiff was falsely investigated and criticized in her performance has application across the board as to all of her claims.  This multiple application of the same background facts and actions taken against plaintiff is thus noted to shorten this legal brief.

[6] Suffice it to say that plaintiff was honoring her civil duty to report criminal activity, namely soliciting sex with a minor.

WHEREFORE, Plaintiff respectfully opposes (and partially confesses) Defendant's Motion to Dismiss.

                                                RESPECTFULLY SUBMITTED,
                                                OLSEN & BROWN, LLC

                            By:        <u>s/John R. Olsen</u>
                                                  John R. Olsen
                                                  Attorney for the Plaintiff
                                                  8362 Greenwood Drive
                                                  Niwot, CO 80503
Date: September 10, 2010                  (303) 652-1133

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 10, 2010, a true and correct copy of the foregoing was electronically served upon the attorney for the defendant as follows:

Emily Hobbs-Wright
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado  80201-8749
Telephone: (303) 295-8584
Fax: (303) 295-8261
Email: ehobbswright@hollandhart.com

                                                                        s/ John R. Olsen