IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01490-DME-MJW

FEDWA KHALIK,

    Plaintiff,

vs.

UNITED AIR LINES,

    Defendant.

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant United Air Lines ("United") replies in support of its Motion to Dismiss (Docket # 12, referred to as the "Motion") and asks this Court to reject Plaintiff's Opposition to (and Partial Confession of) Defendant's Motion to Dismiss (Docket #15, referred to as the "Response"), for the reasons stated below.

### I.  Plaintiff's Breach of Contract and Promissory Estoppel Claims Are Confessed.

Ms. Khalik confesses her Breach of Contract and Promissory Estoppel Claims in footnote 1 of her Response.  As a result, Ms. Khalik's Fourth Claim (breach of contract) and Fifth Claim (promissory estoppel) should be dismissed, as a matter of law with prejudice.

**II.     Plaintiff's Response On Her Other Claims Should Be Stricken as Untimely, and United's Motion Should Be Deemed Confessed.[1]**

United filed its Motion on August 13, 2010; as a result, Ms. Khalik's response was due on September 7, 2010 (21 days to respond plus 3-days for mailing).  Counsel for Ms. Khalik never asked for an extension of time to respond and did not mention Ms. Khalik's tardiness when filing the response, three days late, on September 10, 2010.  Ms. Khalik's failure to respond to United's Motion is the same as a confession of the Motion.  *See, e.g., Guardian Title Agency v. Matrix Capital Bank*, 141 F. Supp. 2d 1277, 1283 n.2 (D. Colo. 2001) (Daniel, J.) ("Plaintiff failed to respond to Defendant's justifiable reliance argument in its written response to the Motion to Dismiss; I treat this failure to respond as a confession to the Motion."); *Edwards v. Denver Health and Hospital Authority*, Civ. Action No. 08-cv-01339, 2009 WL 1384169 (D. Colo. 2009) (Arguello, J.) (adopting magistrate judge's recommendation; defendant's motion to dismiss deemed confessed because plaintiff failed to timely respond).

United notes with some irony that counsel for Ms. Khalik is the same attorney who missed a similar deadline in another United case, resulting in dismissal of the Plaintiff's claims without consideration of the response.  *See Klein v. United Air Lines, Inc,* Case No 06CV13190 (Denver County District Court) (Order dated Oct. 2, 2007, attached at Tab A) (granting summary judgment without considering Plaintiff's response, as it was untimely), *aff'd*, Case No. 07CA2409 (Colo. App. 2008, attached at

---

[1] Ms. Khalik has apparently recognized the weakness of her Complaint by asking United to agree to allow her to amend it.  Although United usually is flexible with such requests, it disagrees that an amendment should be allowed in this case.  Any other result rewards Ms. Khalik for ignoring a major deadline in this case, and for not seeking leave of opposing counsel and this Court for filing a late Response.

Tab B) (unpublished) (affirming grant of summary judgment; plaintiff's counsel filed response eight days after it was due and did not seek enlargement of time until after summary judgment was granted and plaintiff filed motion for reconsideration).  Given counsel's experience in *Klein*, there can be no good reason for Ms. Khalik's failure to file a timely response in this case or to timely seek an enlargement of time to file one.  As a result, United's Motion should be deemed confessed, and all of Ms. Khalik's claims dismissed with prejudice.

### III. Plaintiff's Title VII and FMLA Claims Should Be Dismissed For Failure to Meet the *Twombly* Standard For Pleading Claims.

Even if the Court accepts and considers Ms. Khalik's untimely Response, Ms. Khalik's Title VII Claim (First Claim) and FMLA claim (Second Claim) should still be dismissed, as the Response provides no basis for concluding Ms. Khalik has pleaded those claims with enough specificity to "nudge[] [her] claims across the line from conceivable to plausible."  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007); *see also Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (2007).  Indeed, the Response does nothing more than restate the same vague conclusions of "discrimination" and "retaliation" without enough facts to state a plausible claim.  As a result, the First and Second Claims should be dismissed as a matter of law with prejudice.

### IV. Plaintiff States No Actionable Claim for Wrongful Discharge in Violation of Public Policy.

Ms. Khalik's Third Claim, wrongful discharge in violation of public policy, should be dismissed as it fails to state an actionable claim under Colorado employment law.

Notably, the Response provides no authority whatsoever for recognizing a public policy wrongful discharge claim based on an allegation that Ms. Khalik reported an alleged email from an employee during off work time allegedly inviting Ms. Khalik to engage in criminal conduct unrelated to the workplace.  Indeed, the Response asserts Ms. Khalik was "honoring her civil duty to report criminal activity,…."  Response at 7, n.6.  However, she makes no attempt to tie her alleged report to some sort of duty *she had as an employee of United* to report *work-related* criminal activity.  See *Martin Marietta v. Lorenz,* 823 P.2d 100, 109 (Colo 1992); *Johnson v. E.A. Miller, Inc.,* 172 F.3d 62, 1999 WL 94827 *4-5 (10th Cir.) (Utah law).  As a result, Ms. Khalik's Third Claim should be dismissed, as a matter of law with prejudice.

For all of the reasons provided above and in the Motion, United respectfully requests that all of Ms. Khalik's claims be dismissed, with prejudice.

Dated September 15, 2010

Respectfully submitted,

s/ Emily Hobbs-Wright
Emily Hobbs-Wright
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80201-8749
Telephone: (303) 295-8584
Fax No.: (303) 295-8261
ehobbswright@hollandhart.com

-4-

-5-

        s/ Judith A. Biggs
        Judith A. Biggs
        Holland & Hart LLP
        One Boulder Plaza
        1800 Broadway, Suite 300
        Boulder, CO 80302
        Telephone: (303) 473-2707
        Fax No.: (303) 975-5344
        jbiggs@hollandhart.com

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following email address:

> John R. Olsen
> Olsen & Brown, LLC
> 8362 Greenwood Drive
> Niwot, CO 80503
> olsenbrown@comcast.net

s/Emily Hobbs-Wright

4913329_1.DOC