**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01490-DME-MJW

FEDWA KHALIK,

    Plaintiff,

vs.

UNITED AIR LINES,

    Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO FILE FIRST AMENDED COMPLAINT**

Defendant United Air Lines ("United") submits its Response in Opposition to Plaintiff's Motion to File First Amended Complaint (the "Motion"). For the reasons stated below, United asks this Court to deny Plaintiff's Motion.

**I.     INTRODUCTION.**

On August 13, 2010, United filed a motion to dismiss Ms. Khalik's Complaint (the "Complaint") pursuant to Fed.R.Civ.P. 12(b)(6) (the "Motion to Dismiss") on grounds that the threadbare recitals in the Complaint fail to state a plausible claim for relief. (Doc. No. 12). Ms. Khalik did not file a response to United's Motion to Dismiss until three days <u>after</u> the response deadline had passed. Counsel for Ms. Khalik did not request an extension of time to respond; nor has he provided any explanation for the untimely response. As United indicated in its Reply in Support of Motion to Dismiss (Doc. No.

21), Ms. Khalik's failure to timely respond to United's Motion to Dismiss equates to a confession of the motion. *Id.* at p. 2.

Now, several weeks after the September 27, 2010 deadline to amend pleadings (set by the Scheduling Order) has passed, Ms. Khalik seeks to amend her Complaint for the stated reason that the amendment will "obviate any [ ] confusion" that United has "implicitly expressed" by filing a motion to dismiss. Motion at ¶¶ 4 & 5. The Court should deny Plaintiff's Motion on grounds that Plaintiff (1) cannot, and has not, demonstrated good cause for amending the Complaint <u>after</u> the amendment of pleadings deadline has passed, and (2) the proposed amendment would be futile because it would not cure the deficiencies in the Complaint and, by filing a tardy response to United's Motion to Dismiss, Ms. Khalik has already confessed the motion.

## II.   ARGUMENT.

### A.   Ms. Khalik Cannot Demonstrate That Good Cause Exists to Amend the Complaint.

When, as here, a motion to amend the pleadings is filed after the deadline set forth in the Scheduling Order, the Court conducts a two-step analysis to determine whether the amendment should be allowed. *Pumpco v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). First, the Court determines whether the movant has "good cause" for seeking modification of the scheduling deadline under Federal Rule of Civil Procedure 16(b). *Id.* Second, if the movant satisfies this standard, the Court considers the requirements for amendment under Rule 15(a). *Id.*

"Good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. *Id.* (citing *Colorado Visionary Academy v. Medtronic, Inc.*, 194

F.R.D. 684, 687 (D. Colo. 2000)).  In other words, the Court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension.  *Id.*  In determining whether the "good cause" standard is met, the central inquiry is whether the movant *could have* amended the pleadings prior to the deadline.  *Kriston v. Peroulis*, 2010 WL 1268087, *9 (D. Colo. 2010) (citations omitted).  The Court has made clear that carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  *Pumpco*, 204 F.R.D. at 668.

Here, Plaintiff makes no attempt to establish that good cause exists to modify the deadline to amend pleadings set by the Scheduling Order.  Indeed, Ms. Khalik does not even mention the "good cause" standard, claiming instead that Rule 15(a) governs the disposition of her Motion.  Motion at ¶¶ 7 & 8.  However, the case law makes clear that Rule 15(a) does not govern Ms. Khalik's Motion unless she can establish that she could not meet the September 27, 2010 deadline to amend pleadings.

The facts demonstrate that Ms. Khalik had ample opportunity to amend her Complaint prior to the expiration of the deadline to amend pleadings, but failed to do so.  Specifically, United filed its Motion to Dismiss on August 13, 2010.  The scheduling conference took place on September 15, 2010 – more than one month later.  In the Scheduling Order, the parties agreed to, and the Court approved, a September 27, 2010 deadline to amend pleadings.  Nevertheless, Ms. Khalik did not file her Motion seeking to amend the Complaint until October 21, 2010 – more than two months after United filed the Motion to Dismiss and nearly one month after the deadline to amend pleadings had passed.  Ms. Khalik never asked to move the deadline in the Scheduling

Order prior to its expiration; nor did she object to the deadline at or before the scheduling conference.

Notably, Ms. Khalik's only stated reason for seeking leave to amend the Complaint is her claim that the amendment will address any "confusion" expressed by United in the Motion to Dismiss. Ms. Khalik's statement establishes that she was aware of the facts supporting her proposed amendment on August 13, 2010 – when United filed the Motion to Dismiss. Nevertheless, Ms. Khalik waited for two and one-half months, after the deadline to amend pleadings had passed, to file the Motion.

This Court has denied motions to amend a complaint under analogous facts. In *Kriston, supra*, the defendants moved to dismiss the plaintiff's complaint prior to the deadline for amendment of pleadings. In response, approximately two and one-half months after the deadline to amend pleadings, the plaintiff moved to amend the complaint claiming that the amendment would "cure the flaws perceived by opposing counsel." *Kriston*, 2010 WL 1268087 at *9. The Magistrate Judge recommended that the plaintiff's motion be denied on grounds that the plaintiff failed to offer any explanation for his failure to timely amend the complaint. Upon review of the Magistrate Judge's recommendation, the district court agreed and held that Plaintiff failed to present any reason why he could not have amended his complaint prior to the deadline to amend pleadings set by the Parties' scheduling order. The Court specifically noted that the motions to dismiss had been filed "well before the deadline for amendment of pleadings, thereby putting [plaintiff] on notice of the potential deficiencies in his

Complaint." *Id*. As a result, the Court denied the plaintiff's motion to amend as untimely. *Id*.

Similarly, in *Dias, et al. v. City and County of Denver*, 2007 WL 4373229, *1-*3 (D. Colo. 2007) (J. Miller and Magistrate J. Watanabe), the Court accepted the Magistrate Judge's recommendation denying plaintiffs' motion to amend the complaint out of time. In that case, the defendants filed a motion to dismiss the complaint prior to the scheduling conference; however, the plaintiffs did not move to amend the complaint until nearly two months after the expiration of the deadline to amend pleadings. The plaintiffs' stated reason for the tardy filing was "press of other business in this case." *Id*. The Court concluded that the plaintiffs were not diligent in pursuing their motion and failed to demonstrate an adequate reason for the delay. *Id*. at *3.

The facts and circumstances in *Kriston* and *Dias* are indistinguishable from this case. There is simply no basis to conclude that Ms. Khalik has demonstrated good cause to amend the Complaint after the expiration of the deadline to amend pleadings. On the contrary, Ms. Khalik had every opportunity to move to amend the Complaint after United filed the Motion to Dismiss and before the deadline to amend pleadings expired. As a result, Ms. Khalik's Motion must be denied.

### B. The Proposed Amendment Would be Futile.

Because Ms. Khalik has not demonstrated that good cause exists to amend the Complaint, the Court need not consider the merits of the proposed amendment. However, even if the Court were to consider the effect of the amendment, it is clear that it would not cure the deficiencies in the Complaint. As a result, the proposed

amendment would be futile.  See Bixler v. Foster, 596 F.3d 751, 758 (10th Cir. 2010) (holding that proposed amendment to the complaint would have been futile because it would not have altered the essential nature of plaintiff's claims).

Plaintiff requests leave to add the following statement to her complaint:

> The above stated actions against plaintiff were taken because of plaintiff's race, religion, national origin, ethnic heritage and in retaliation for reporting discrimination, seeking an FMLA leave, and reporting a criminal act by a United Air Lines employee that endangered the public.  The above-stated paragraphs are incorporated into the following Claims for Relief.

Motion at ¶ 2.  Allowing Ms. Khalik to amend her Complaint to add this statement would be futile because the allegation merely reiterates and summarizes previous allegations in her original Complaint and fails to cure the underlying deficiencies.  See Complaint at ¶¶ 1& 16-18.  Sisneros v. Office of Pueblo County Sheriff, 2010 WL 2543557,* 1 (D. Colo. 2010) (J. Brimmer) (affirming Magistrate Judge Watanabe's recommendation and denying plaintiff's motion to amend the complaint where plaintiff failed to add any new factual allegations).

As United established in its Motion to Dismiss[1], the Complaint fails to meet the minimum pleading standards under Fed.R.Civ.P. 12(b)(6) because it is comprised of nothing more than threadbare recitals of the elements of the causes of action and conclusory statements.  See Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010) ("'Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] In order to avoid unnecessary duplication, United incorporates by reference the arguments made in its Motion to Dismiss.

conclusory statements, do not suffice'", quoting *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009)).  After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, it is clear that a complaint that does not contain enough facts to state a claim to relief that is plausible on its face is subject to dismissal.  550 U.S. 544, 563, 570 (2007).

Ms. Khalik's proposed amendment does not make her claims any more plausible. On the contrary, the proposed amendment further emphasizes the highly conclusory nature of the allegations in the Complaint.  Ms. Khalik still has not alleged <u>any facts</u> suggesting that United acted in a discriminatory or retaliatory manner or that it terminated her employment based on discriminatory or retaliatory motives.  As a result, Ms. Khalik's Motion should be denied as futile.

Plaintiff's proposed amendment is futile for the additional reason that Ms. Khalik confessed United's Motion to Dismiss by failing to file a timely response.  United filed its Motion to Dismiss on August 13, 2010.  Therefore, Ms. Khalik's response was due on September 7, 2010 (21 days to respond plus 3-days for mailing).  Counsel for Ms. Khalik never asked for an extension of time to respond and did not mention Ms. Khalik's tardiness when filing the response, three days late, on September 10, 2010.  Ms. Khalik's failure to respond to United's Motion is the same as a confession of the Motion.  *See, e.g., Guardian Title Agency v. Matrix Capital Bank*, 141 F. Supp. 2d 1277, 1283 n.2 (D. Colo. 2001) (Daniel, J.) ("Plaintiff failed to respond to Defendant's justifiable reliance argument in its written response to the Motion to Dismiss; I treat this failure to respond as a confession to the Motion."); *Edwards v. Denver Health and*

*Hospital Authority*, Civ. Action No. 08-cv-01339, 2009 WL 1384169 (D. Colo. 2009) (Arguello, J.) (adopting Magistrate Judge's recommendation; defendant's motion to dismiss deemed confessed because plaintiff failed to timely respond).

United notes with some irony that counsel for Ms. Khalik is the same attorney who missed a similar deadline in another United case, resulting in dismissal of the Plaintiff's claims without consideration of the response. *See Klein v. United Air Lines, Inc,* Case No 06CV13190 (Denver County District Court) (Order dated Oct. 2, 2007, attached at Tab A) (granting summary judgment without considering Plaintiff's response, as it was untimely), *aff'd*, Case No. 07CA2409 (Colo. App. 2008, attached at Tab B) (unpublished) (affirming grant of summary judgment; plaintiff's counsel filed a response eight days after it was due and did not seek an enlargement of time until after summary judgment was granted and plaintiff filed motion for reconsideration). Given counsel's experience in *Klein*, there can be no good reason for Ms. Khalik's failure to file a timely response in this case or to timely seek an enlargement of time to file one. As a result, because Ms. Khalik has already confessed the Motion to Dismiss, the proposed amendment would be futile.

### III.   CONCLUSION

For all of the reasons provided above, United respectfully requests that Plaintiff's Motion to File First Amended Complaint be denied.

Dated November 8, 2010

Respectfully submitted,

s/ Judith A. Biggs
Judith A. Biggs
Holland & Hart LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2707
Fax No.: (303) 975-5344
jbiggs@hollandhart.com

s/ Emily Hobbs-Wright
Emily Hobbs-Wright
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80201-8749
Telephone: (303) 295-8584
Fax No.: (303) 295-8261
ehobbswright@hollandhart.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following email address:

> John R. Olsen
> Olsen & Brown, LLC
> 8362 Greenwood Drive
> Niwot, CO 80503
> olsenbrown@comcast.net

                                            s/Emily Hobbs-Wright

4945113_1.DOC