IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01490-DME-MJW

FEDWA KHALIK,

        Plaintiff,

v.

UNITED AIR LINES,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on a Motion to Dismiss filed by Defendant United Air Lines (Doc. 12), Plaintiff Fedwa Khalik's Response (Doc. 15),[1] and United's Reply (Doc. 21). United seeks dismissal of Plaintiff's employment-discrimination Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons given below, the Court GRANTS the motion as to all of Plaintiff's claims except her claim for wrongful termination in violation of Colorado public policy. Because the Court declines to exercise supplemental jurisdiction over this state-law claim, the Court DISMISSES this

---

[1] The Court recognizes that Plaintiff's response was not timely filed under D.C.COLO.LCivR 7.1(C) and that Plaintiff neither sought an extension of time nor offered any explanation for her failure to comply with the local rule. The Court has nonetheless considered the response and determined that it does not affect the Court's resolution of the motion to dismiss.

claim without prejudice.  Plaintiff's Motion to Amend (Doc. 25) is DENIED as futile and untimely.

## I.  BACKGROUND

In her complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, "for wrongful termination because of race, religion, national origin, ethnic heritage and for retaliation because she reported discrimination."  (Compl. ¶¶ 1, 32.)  Plaintiff also seeks relief under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, "for being retaliated against for seeking FMLA leave."  (Id. ¶¶ 2, 34.)  Finally, Plaintiff brings a number of state-law claims, including discrimination, retaliation, breach of contract, promissory estoppel, and wrongful termination in violation of the public policy of the State of Colorado.  (Id. ¶¶ 2–3, 34–36.)

In support of these claims, Plaintiff alleges the following: She is an Arab-American who was born in Kuwait.  (Id. ¶ 7.)  She practices Islam.  (Id. ¶ 13.)  United hired Plaintiff in 1995, and she eventually rose to the position of Business Services Representative.  (Id. ¶¶ 14, 15.)  Plaintiff "was physically assaulted in the office (grabbed by the arm) after being subjected to a false investigation and false criticism of her work."  (Id. ¶ 16.)  "She was targeted because of her race, religion, national origin, and ethnic heritage."  (Id.)  Plaintiff "complained internally about both discrimination at United Air Lines and being denied FMLA leave."  (Id. ¶ 17.)  She also "complained about an e-mail sent by a United Air Lines employee discussing a possible sexual liaison with an underage girl (which constituted a threat of criminal violation endangering the public)."  (Id. ¶ 18.)  United terminated Plaintiff's employment on or about November 29,

2009.  (Id. ¶ 19.)  The "reasons given for plaintiff's termination and other mistreatment as described herein were exaggerated and false, giving rise to a presumption of discrimination, retaliation and wrongful termination."  (Id. ¶ 20.)

## II.  RULE 12(b)(6) STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In two recent cases, the United States Supreme Court has interpreted Rule 8's pleading standard in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim.  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 544 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (quoting Twombly, 544 U.S. at 555).  A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 544 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (alteration omitted) (quoting Twombly, 544 U.S. at 557).

At the Rule 12(b)(6) stage, the court must accept as true all of the well-pleaded factual allegations in the complaint.  Id. at 1949–50.  This principle does not apply,

3

however, to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Accordingly, when analyzing the sufficiency of a complaint, a court should begin by identifying allegations that "are not entitled to the assumption of truth," that is, legal conclusions, bare assertions, and statements that are merely conclusory. Id. at 1949–51. The court should then consider only the well-pleaded factual allegations "to determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 1949 (quoting Twombly, 544 U.S. at 557).

The ultimate determination of "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

**A. Title VII Discrimination Claim**

Title VII provides that it is an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As

an initial matter, the Court notes that "ethnic heritage" is not a protected class under Title VII. See id. Accordingly, Plaintiff's claim for relief on the basis of "ethnic heritage" discrimination is not cognizable. Therefore, the question before the Court is whether Plaintiff has alleged enough facts to plausibly suggest that United terminated her employment "because of" her race, religion, and/or national origin.

The Court concludes that Plaintiff's complaint is devoid of factual support for her discrimination claim. Most of Plaintiff's allegations are legal conclusions, bare assertions, or conclusory statements that are not entitled to be assumed true under Iqbal. For instance, Plaintiff's introductory allegation of "wrongful termination because of race, religion, [and] national origin" is simply a "formulaic recitation of the elements" of a Title VII discrimination claim rather than a well-pleaded fact. Iqbal, 129 S. Ct. at 1949; see also Edwards v. Prime, Inc., 602 F.3d 1276, 1301 (11th Cir. 2010) (finding a plaintiff's introductory statement that he was subjected to a hostile discriminatory environment on the basis of race insufficient to satisfy Rule 8 and explaining that "[a]n introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief").

Moreover, Plaintiff's allegation that "[s]he was physically assaulted in the office . . . after being subjected to a false investigation and false criticism of her work," and that she was "targeted" for this treatment because of her race, religion, and national origin, is conclusory and speculative. See Iqbal, 129 S. Ct. at 1951 (holding that the respondent's allegation that the petitioners "knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of

5

policy, solely on account of his religion, race, and/or national origin" was conclusory and not entitled to be assumed true (alterations and internal quotation marks omitted)). Plaintiff does not state when these alleged wrongful actions occurred, what the circumstances were, or the identity of the perpetrator(s), which might be important in determining whether United could even be held responsible for these wrongdoings. Plaintiff also does not intimate why she believes that her race, religion, or national origin motivated the actions.

Plaintiff's allegation that the reasons United gave for her termination were false and give rise to a presumption of discrimination is similarly flawed. This allegation consists of a bare assertion and a legal conclusion, neither of which constitutes a well-pleaded fact. Plaintiff does not state what reasons United gave for her termination, why those reasons were false, or what circumstances lead her to believe that discriminatory animus motivated the decision. All of the foregoing allegations represent the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" deemed insufficient by Iqbal. 129 S. Ct. at 1949. The Court is not required to accord an assumption of truth to these unsupported allegations.

Plaintiff has alleged only the following well-pleaded facts relevant to her discrimination claim: She is an Arab-American who was born in Kuwait and practices Islam. United hired her in 1995 and terminated her in November 2009. These facts, standing alone, do not plausibly suggest discriminatory intent on the part of United. See Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x 774, 776 (3d Cir. Feb. 24, 2009) (unpublished) (holding that the mere facts that the plaintiff was an Egyptian native of

6

Arab descent and that he was discharged by the defendants did not support an inference that the defendants discharged him on the basis of his national origin). Plaintiff has not alleged any facts that would indicate that the person who made the decision to terminate her was motivated by her race, religion, or national origin. Indeed, Plaintiff has not alleged any facts whatsoever concerning the circumstances of her termination. Moreover, Plaintiff does not even mention any circumstances that would indirectly suggest discriminatory intent—e.g., that United treated other employees of different races, religions, or national origins more favorably. In short, Plaintiff has pled no facts that would allow the Court to infer anything more than a mere possibility that United terminated her because of her race, religion, or national origin. Accordingly, Plaintiff's Title VII discrimination claim is not plausible and must be dismissed.

**B.  Title VII Retaliation Claim**

Under Title VII, it is unlawful for an employer to discriminate against an employee "because [she] has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). Plaintiff's allegations concerning retaliation are even thinner than her allegations concerning discrimination. Plaintiff asserts that she was wrongfully terminated "because she reported discrimination" and that her firing for false reasons gives rise to a "presumption of . . . retaliation," but these conclusory allegations are not entitled to be assumed true for the reasons explained above. Plaintiff also alleges that she "complained internally about . . . discrimination at United Air Lines." This is nothing more than a naked recitation of the statutory requirement that the employee oppose an unlawful employment practice. Plaintiff does not state when, how, or to whom

she complained. Nor does she offer any facts regarding the nature of the "discrimination" that she allegedly complained about. Even if the Court were to take as true the threadbare allegation that Plaintiff complained to United about unspecified discrimination in an unspecified manner at an unspecified time, no facts in the complaint even remotely suggest that United fired Plaintiff "because" she reported such discrimination. Thus, the Court would be required to engage in sheer speculation to draw the inference that United is liable for unlawful retaliation against Plaintiff. Consequently, Plaintiff's Title VII retaliation claim fails to show plausible entitlement to relief and must be dismissed under Rule 12(b)(6).

## C.  FMLA Retaliation Claim

The FMLA makes it unlawful for an employer to retaliate against an employee who attempts to exercise her right to FMLA leave or who opposes any practice made unlawful by the statute. See 29 U.S.C. § 2615(a). Plaintiff's FMLA retaliation claim fails for the same reason as her Title VII retaliation claim. Plaintiff's introductory legal conclusion that she was "retaliated against for seeking FMLA leave" does not constitute a well-pleaded factual allegation and is not entitled to the assumption of truth. Plaintiff's only other allegation relevant to her FMLA claim is that she "complained internally about . . . being denied FMLA leave." But like Plaintiff's bald allegation that she complained internally about discrimination, this statement is nothing more than a "naked assertion[] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). Plaintiff does not provide any facts regarding the circumstances of the alleged denial of FMLA leave—e.g., when she sought leave, why she sought leave, or the

reasons given for the denial. Nor does Plaintiff state when, how, and to whom she complained. And even if the Court were to give credence to Plaintiff's bare assertion, Plaintiff has failed to plead any facts that would allow the Court to infer a causal connection between Plaintiff's protected activities under the FMLA and her termination. Because Plaintiff's factual allegations do not "raise a right to relief above the speculative level," her FMLA retaliation claim cannot survive a motion to dismiss. Twombly, 550 U.S. at 555.

**D. State-Law Claims**

The pretrial dismissal of all federal claims—leaving only state-law claims—"generally prevents a district court from reviewing the merits of the state law claim[s]." McWilliams v. Jefferson County, 463 F.3d 1113, 1117 (10th Cir. 2006); see also 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over state-law claims if "the district has dismissed all claims over which it has original jurisdiction"). This is not an inflexible rule, however, and a district court has discretion to adjudicate the merits of the state-law claims when "the values of judicial economy, convenience, fairness, and comity" indicate that retaining jurisdiction over the state-law claims would be appropriate. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349–50 (1988). Nevertheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7; see also Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990) ("Notions of comity and federalism demand

that a state court try its own lawsuits, absent compelling reasons to the contrary."). The Court concludes that the "pendent jurisdiction" factors weigh in favor of exercising jurisdiction over Plaintiff's state-law claims for discrimination, retaliation, breach of contract, and promissory estoppel; however, the Court declines to exercise jurisdiction over Plaintiff's claim for wrongful termination in violation of Colorado public policy.

### 1. Discrimination and Retaliation

Plaintiff acknowledges that her discrimination and retaliation claims "are evaluated identically under federal and state law." (Pl.'s Resp. to Def.'s Mot. to Dismiss, Doc. 15, at 3 n.2.); see also Johnson v. Weld County, Colo., 594 F.3d 1202, 1219 n.11 (10th Cir. 2010) ("Colorado and federal law apply the same standards to discrimination claims, and so . . . they rise or fall together . . . ." (citation and internal quotation marks omitted)). Thus, having concluded that Plaintiff's federal discrimination and retaliation claims are not plausible, the Court has necessarily determined that Plaintiff's similar state-law claims also fail. The Court need not engage in additional analysis or consider unique questions of Colorado law to reach this conclusion. Accordingly, economy, convenience, fairness, and comity all weigh in favor of dismissing these claims with prejudice rather than allowing Plaintiff the option of burdening the Colorado courts and United by refiling the same, non-meritorious claims in a different forum.

### 2. Breach of Contract and Promissory Estoppel

Plaintiff has conceded that her complaint fails to state a claim for breach of contract or promissory estoppel. (Pl.'s Resp. to Def.'s Mot. to Dismiss, Doc. 15, at 1 n.1 ("Plaintiff confesses defendant's motion to dismiss plaintiff's claims for breach of

contract and estoppel.").) Thus, it would be nonsensical for the Court to decline to exercise supplemental jurisdiction over these claims. In light of Plaintiff's concession, these claims should be dismissed with prejudice.

### 3. Wrongful Termination in Violation of Colorado Public Policy

The Court reaches a different result concerning Plaintiff's claim for wrongful termination in violation of Colorado public policy. Plaintiff contends that United retaliated against her for complaining about a criminal act by a United employee, namely, the sending of an email "discussing a possible sexual liaison with an underage girl." Whether an employer breaches the public policy of the State of Colorado by terminating an employee for complaining to the employer about an actual or threatened criminal act presents an independent question of Colorado law that is best decided by a Colorado state court. Although United offers a strong argument that this claim is not plausible under Colorado law, the Court concludes that there are no compelling reasons to exercise supplemental jurisdiction over this claim when it rests on distinct issues of state law and is entirely separate from Plaintiff's federal claims. Accordingly, the Court dismisses this claim without prejudice for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 12) is GRANTED as to Plaintiff's claims for discrimination and retaliation under Title VII and Colorado law, retaliation under the FMLA, and breach of contract and promissory estoppel under Colorado law. These claims are DISMISSED with prejudice. Plaintiff's remaining claim for wrongful termination in breach of Colorado public policy is

DISSMISSED without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion to Amend (Doc. 25) is DENIED as futile and, alternatively, because it is out of time.[2] As a result, Plaintiff's Complaint (Doc. 1) is DISMISSED in its entirety.

Dated this ___7th___ day of _____December_____, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE

---

[2] Ordinarily, this Court allows plaintiffs an opportunity to amend their complaints rather than dismiss claims with prejudice under Rule 12(b)(6). But the Tenth Circuit has explained that "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006). The Court concludes that granting leave to amend would be futile in this case. More than two months after United filed its motion to dismiss and roughly three weeks after the deadline to amend pleadings had passed, (see Scheduling Order, Doc. 20), Plaintiff sought to amend her complaint by adding a single sentence: "The above-stated actions against plaintiff were taken because of plaintiff's race, religion, national origin, ethnic heritage and in retaliation for reporting discrimination, seeking an FMLA leave, and reporting a criminal act by a United Air Lines employee that endangered the public." (Pl.'s Mot. to File First Am. Compl., Doc. 25, at 1.) This proposed addition would not cure the defects identified in United's motion to dismiss and this Order. Specifically, Plaintiff's new sentence simply combines Plaintiff's existing assertions to create one, overarching conclusory allegation. Such an allegation does not demonstrate plausible entitlement to relief for all of the reasons described above.